UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

58

| | |
|---|---|
| NIKOLAY MOSHEGOV,<br>TATIANA MOCHEGOVA,<br>SOFIA MOCHEGOVA, and<br>LIOUDMILA MOCHEGOVA<br><br>Plaintiffs<br><br>vs.<br><br>DENIS RIORDAN, Interim District Director,<br>U.S. Citizenship & Immigration Services;<br>EDUARDO AGUIRRE, Director,<br>U.S. Citizenship and Immigration Services; and<br>TOM RIDGE, Secretary of Homeland Security<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 04-40250-FDS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR SPEEDY HEARING

NOW COME the Plaintiffs through counsel to request a speedy hearing in connection with the complaint for a writ of mandamus that was previously filed with this Court. In support of this request, the Plaintiffs state as follows:

1.   Plaintiffs have been waiting for adjudication of their Applications for Adjustment of Status by Defendants since November 28, 2001.

2.   Defendant Denis Riordan and his agents have stated that the reason for the delay is security checks stemming from Plaintiffs' fingerprint and background checks. Inexplicably, the Defendants have not processed these checks.

3.   Plaintiffs' counsel spoke with Defendant Denis Riordan on January 19, 2005 in an attempt to narrow or resolve these issues. Mr. Riordan stated that Plaintiffs' cases will be delayed even longer because the fingerprints for the Plaintiffs have expired and will need to be retaken. He also stated that the name checks for all Plaintiffs have not yet cleared.

Subsequent to this conversation with Mr. Riordan, Plaintiffs were scheduled to do new fingerprints in mid-February, requiring them to wait yet another month just to continue the processing of their case. Mr. Riordan was unable to provide any time frame for when these cases would be adjudicated.

4. Defendants' failure to adjudicated Plaintiffs' applications for adjustment of status has had serious consequences for the Plaintiffs. For example, when Plaintiff Nikolay's father recently died, Nikolay was unable to obtain permission to travel in time for the funeral. Applicants for adjustment of status are required to apply to the U.S. Citizenship & Immigration Services ("CIS") for special permission to travel, called advance parole. Traveling without advance parole constitutes an abandonment of the application for adjustment of status. It currently takes CIS approximately two to three months to process this application. Nikolay was unable to wait that long upon learning of his father's death, and thus, missed the funeral. Had Defendants adjudicated his application for adjustment of status, Nikolay would have been able to travel either as a permanent resident or with his H-1B visa.

5. Plaintiffs Sofia and Lioudmila Mochegova have also suffered as a result of Defendants' failure to adjudicate these applications. Sofia is at student at the University of Massachusetts at Amherst, and Lioudmila is a student at Massachusetts College of Art. Both are good students and wish to continue their studies. However, they have been unable to obtain financial aid because they are not permanent residents, but they cannot obtain aid as international students because they have applied for permanent residence. They are also forced to pay out-of-state tuition rates because they are not permanent residents. Currently, they are required to pay an additional $9500 per year in tuition

because their status has not been resolved. Furthermore, both Sofia and Lioudmila were forced to take two semesters off from college because they could not afford the tuition. They will have to take more time off from school if their immigration status is not resolved soon, because of high tuition costs.

6.    Plaintiff Sofia has been recognized by her state representative as an excellent student and has been named to the Dean's List at her university. However, she has been denied educational opportunities as a result of Defendants' failure to adjudicate her application. As a student of Biology, it is important that she participates in Summer Research Experience programs. However, because she is not a permanent resident, she is not allowed to participate. The Defendants' inexplicable delay in processing her application continues to negatively affect her education.

7.    The impact of Defendants' failure to adjudicate grows as time passes. It is for this reason that Plaintiffs request a speedy hearing.

8.    The Defendants have received a copy of the summons and complaint for a writ of mandamus.

WHEREFORE, given the hardship to the Plaintiffs, they request an immediate hearing on this action.

Respectfully submitted this 26th day of January, 2005.


Harvey Kaplan
Counsel for Plaintiffs
BBO No. 258640
Kaplan, O'Sullivan & Friedman
10 Winthrop Square, 3rd floor
Boston, MA 02110
(617) 482-4500

## CERTIFICATE OF SERVICE

I, Harvey Kaplan, hereby certify that a true copy of the foregoing Motion for Speedy Trial was served by mail, postage prepaid, on January 26, 2005 upon:

Denis Riordan, Interim Director
U.S. Citizenship and Immigration Services
JFK Federal Building
15 New Sudbury Street
Boston, MA 02203

Eduardo Aguirre, Director
U.S. Citizenship and Immigration Services
425 I Street, N.W.
Washington D.C. 20536

Tom Ridge, Secretary of Homeland Security
United States Department of Homeland Security
Nebraska Avenue Center, N.W.
Washington, D.C. 20508

U.S. Attorney's Office
U.S. Courthouse, Suite 9200
One Courthouse Way
Boston, MA 02110

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001


Harvey Kaplan
Counsel for Plaintiffs
BBO No.: 258640